Memorandum : Order reversed, without costs, and claim dismissed. The statutory relation between the State and the custodian of a patient on
 
 “
 
 convalescent status ” does not impose a liability on the State for an act of negligence of the custodian not foreseeable by the State in the exercise of reasonable care; and the custodian is not the agent of the State in this relationship so as to impute such a liability to the State when due care
 
 *810
 
 is taken in the selection of the custodian (Mental Hygiene Law, former § 132; § 34, subd. 12). It seems implied in subdivision 12 that a patient on convalescent status is not a patient at the institution. The custodian of such a patient is often his family or guardian (§ 132) and no statutory distinction as to the relationship of
 
 1
 
 ‘ agent ’ ’ to the State is made between a member of the family and another suitable person selected as custodian. Reports must in either case be made to the State as to the physical, moral and mental condition of the patient, but the control of the patient is sufficiently independent from the State in detail and management as to - protect the State against liability for acts of negligence not reasonably to be anticipated.
 

 Judges Dye, Fuld, Van Voorhis, Burke, Scileppi and Bergan concur in Memorandum ; Chief Judge Desmond dissents and votes to affirm upon the majority opinion at the Appellate Division.
 

 Order reversed, etc.